# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-2741-GW(JPRx) | Date | June 12, 2017 |
| Title | *Martha Elva Yanez v. County of Los Angeles, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Gerard L. Friend | William Keith Wyatt | |

**PROCEEDINGS:** **DEFENDANT COUNTY OF LOS ANGELES'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT [11];**

**PLAINTIFF'S MOTION TO REMAND STATE LAW CLAIMS [12]**

Court and counsel confer. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court would DENY Plaintiff's Motion to Remand without prejudice. The Court would continue Defendants' Motion to Dismiss until July 6, 2017 at 8:30 a.m. to allow both sides to brief the motion in accordance with the applicable local rules. Plaintiff moved ex parte on June 8, 2017 for an order granting her procedural objection to Defendants' Motion to Dismiss or an order continuing the June 12, 2017 hearing on Defendants' motion. In light of the above ruling said application is moot.

| | : | 02 |
|---|---|---|
| | Initials of Preparer | JG |

I. **Background**

Plaintiff Martha Elva Yanez sues Defendants County of Los Angeles ("County"), Los Angeles County Sheriff's Department ("LASD"), and Does 1 through 250 inclusive for: (1) federal civil rights violation under 42 U.S.C. § 1983, U.S. CONST. amend. VIII; (2) negligence; (3) intentional and negligent infliction of emotional distress; and (4) invasion of privacy. *See generally* Amended Complaint ("Complaint"), Docket No. 1-3.

Plaintiff alleges the following:

Plaintiff was arrested in late 2014 and placed in the custody of LASD for an alleged violation of law. *Id.* ¶ 19. Plaintiff was placed in the custody of LASD before and after trial and was housed at the Century Regional Detention Facility ("CRDF") in Lynwood, California. *Id.* ¶¶ 20-21. On March 23, 2015, Plaintiff was transported to the Los Angeles Superior Court while in the custody of LASD, shackled and in the seated position. *Id.* ¶ 23. Plaintiff believes that the transport vehicle was owned and maintained by LASD, County, and various Doe Defendants. *Id.*

When the transport vehicle arrived at Twin Towers Correctional Facility in Los Angeles, California, it collided with one or more other vehicles. *Id.* ¶ 24. Plaintiff believes that the transport vehicle was operated by County, LASD, and Doe Defendants, and was driven by a Doe Defendant in the regular scope of his or her employment under County and or LASD. *Id.* At the time of the collision, Plaintiff was unable to brace and protect herself due to being shackled in the vehicle, resulting in a medical injury when Plaintiff struck her head and whiplashed forward. *Id.* ¶¶ 25-27.

Plaintiff received medical care upon reporting her symptoms but was not provided with a professional medical assessment and was only given an ice pack. *Id.* ¶ 28. On March 24, 2015, Plaintiff saw a medical professional who only examined her in a cursory fashion and failed to properly diagnose her. *Id.* ¶ 29. Also on March 24, 2015, Plaintiff filed a written request for a copy of the full accident report and to report her injury more completely. *Id.* ¶¶ 30-31. She also made a written complaint regarding her symptoms and urgently requested a neck brace. *Id.*

On March 25, 2015, Plaintiff filed a written complaint regarding her injury and

requesting the opportunity to be seen by another medical professional and to be given a neck brace and pain medication. *Id.* ¶ 32. Plaintiff was then accused of lying and was ridiculed by LASD personnel. *Id.* Plaintiff filed another request for a neck brace on March 25, 2015 and filed a written request to see a doctor and to get a neck brace on March 26, 2015. *Id.* ¶¶ 33-34. On March 27, 2015, Plaintiff filed a complaint for retribution for being forced to endure a long period seated upright while waiting to be examined by a nurse. *Id.* ¶ 35.

On April 1, 2015, Plaintiff filed a request for a neck brace to enable her to appear in court the following day without extreme pain. *Id.* ¶ 36. On April 13, 2015, Plaintiff requested an examination by a medical doctor for reported pain, while also requesting over-the-counter pain lotion. *Id.* ¶ 37. Pain medication was provided but Plaintiff still began to experience pain from her untreated injury. *Id.* ¶ 38. On August 9, 2015, Plaintiff filed a report for strong back pain after LASD stopped providing medication, while also requesting a medical exam. *Id.* On August 28, 2015, Plaintiff filed a complaint for chronic pain, citing non-compliance with a court order that provided her with a lower cell bunk, for which she received threats of reprisal from LASD personnel. *Id.* ¶ 39.

Plaintiff completed her rehabilitation and was released November 8, 2015, at which point all prior requests were deemed to be denied. *Id.* ¶ 40. Upon release Plaintiff sought an independent medical examination. *Id.* ¶ 45. On or after December 2, 2015, Plaintiff reviewed the results of her examination and discovered that her injuries were more severe and chronic than had been represented by the medical personnel employed or engaged by County or LASD. *Id.* ¶ 46. The findings of injury were confirmed by a subsequent medical evaluation. *Id.*

Plaintiff first filed a complaint in Los Angeles Superior Court, Case No. BC 639970, alleging a single cause of action under 42 U.S.C. § 1983. *See generally* Notice of Removal ("NOR") Ex. 1, Docket No. 1. She later amended to add three state law claims. *See generally* Complaint. Defendants timely removed the action on April 11, 2017. NOR. Defendants then filed a Motion to Dismiss Plaintiff's claims on May 9, 2017. *See* Motion to Dismiss ("MTD"), Docket No. 11. Two days later, Plaintiff filed a Motion to Remand the state claims. *See* Motion to Remand ("MTR"), Docket No. 12. Both motions are now pending before the Court.

Plaintiff did not substantively oppose Defendants' Motion to Dismiss and instead moved to strike it based on what she contends was Defendants' failure to comply with the local rules' meet and confer requirement. *See* Motion to Strike ("MTS"), Docket No. 18. Defendants

opposed Plaintiff's MTS.  *See* Opposition to Plaintiff's Motion to Strike ("Opp'n MTS"), Docket No. 23.  As to the Motion to Remand, Defendants filed an Opposition ("Opp'n to MTR"), Docket No. 15, and Plaintiff filed a Reply.  *See* Docket No. 22.

## II. Legal Standard

### A. Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) ("Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.").

In deciding a 12(b)(6) motion, a court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).  However, the doctrine of incorporation by reference allows a court to consider documents whose contents are alleged in the complaint and whose authenticity nobody questions, but which are not attached to the pleading.  *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012).  Once a document is deemed incorporated, a court may treat it as part of the complaint.  *Id.*

Further, in deciding a 12(b)(6) motion the court must construe the complaint in the light most favorable to the plaintiff, accept all allegations of material fact as true, and draw all reasonable inferences from well-pleaded factual allegations.  *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  The court is not required to accept as true legal conclusions couched as factual allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Where a plaintiff facing a 12(b)(6) motion has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the motion should be denied.  *Id.*; *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1191 (9th Cir. 2013).  But if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] . . . the pleader is entitled to relief."  *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 679 (2009) (citations omitted).

"Federal courts are courts of limited jurisdiction," and have subject matter jurisdiction only to the extent "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136-137 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). The removal statute is strictly construed against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

### III. <u>Analysis</u>

A. <u>Defendants' Failure to Meet and Confer</u>

Plaintiff did not substantively oppose Defendants' Rule 12(b)6 motion. Rather, Plaintiff moves to strike Defendants' motion based on what she contends was Defendants' failure to meet and confer at least seven days prior to filing their motion as required by Local Rule 7-3. *See* MTS at 3:1-16.

Local Rule 7-3 provides:

> In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

L.R. 7-3.

Here, Defendants' Notice of Motion states that this required conference of counsel took

place on May 9, 2017, the same day the Motion to Dismiss was filed. MTD at 2:9-10. Thus, on their face, Defendants' moving papers fail to comply with Local Rule 7-3. Defendants provide no written correspondence that demonstrates otherwise, and Defense Counsel does not explicitly deny Plaintiff's charge that Defendants failed to properly meet and confer. Declaration of Keith Wyatt ("Wyatt Decl.") ¶ 8, Docket No. 19. Instead, Defense Counsel Keith Wyatt states that "Plaintiff's objection regarding the failure to confer regarding the motion to dismiss is possibly accurate with respect to the contention that I failed to discuss the motion to dismiss prior to May 2, 2017, but I do not believe that is accurate." *Id.* The Court would find Defendants failed to comply with Local Rule 7-3 before filing their Motion to Dismiss. As a result, the Court would continue the motion to dismiss until July 6, 2017 to allow Plaintiff to oppose the motion on substantive grounds.

B. Plaintiff's Motion to Remand

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Upon removal, if the action contains claims "not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute…the court shall sever" such claims and "remand the severed claims to state court." 28 U.S.C. §§ 1441(c)(1-2).

Here, Defendants removed Plaintiff's action to federal court, invoking Federal Question jurisdiction for Plaintiff's Section 1983 claim, and supplemental jurisdiction for Plaintiff's state claims. NOR at 2:20-21:15. Plaintiff now argues that the Court must sever the state claims and remand them to state court pursuant to 28 U.S.C. Sections 1441(c)(1-2). MTR at 5:5-15. Plaintiff's motion will fail if the Court can properly exercise supplemental jurisdiction over her state law claims because the mandatory remand provisions contained in Section 1441(c) would not apply. *See Nelson vs. City of Rochester, NY* 492 F.Supp.2d 282, 287 (2007) (noting and agreeing with the "substantial authority…that § 1441(c) does not apply to cases that have been properly removed under § 1441(a)"); *see also* 28 U.S.C. Sections 1441(c)(1)(B) (limiting severance provision contained in Section 1441(c)(2) to actions involving claims "not within the original or supplemental jurisdiction of the district court or [claims] that [have] been made nonremovable by statute").

5

i. *Supplemental Jurisdiction over Plaintiff's state claims*

A federal district court may exercise supplemental jurisdiction over state claims provided the federal and state claims "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *see also* 28 U.S.C. § 1367(a). Supplemental jurisdiction is also proper where a "plaintiff's claims are such that [he or she] would ordinarily be expected to try them all in one judicial proceeding…assuming substantiality of the federal issues." *Gibbs*, 383 U.S. at 725.

Here, the Court has original jurisdiction over Plaintiff's first cause of action brought under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1331. Plaintiff's Section 1983 claim is based on allegations that Plaintiff sustained injuries while in Defendants' custody in a March 23, 2015 automobile accident that occurred while Plaintiff was being transported by Defendants or Defendants' agents. FAC ¶¶ 22-27, 60. Plaintiff further alleges Defendants repeatedly failed to properly diagnose and treat the injuries that resulted from that accident in violation of her constitutional protection against cruel and unusual punishment. *Id.* ¶¶ 28-75. Plaintiff also alleges that she suffered retaliation when she sought additional treatment for her injuries. *Id.* ¶ 68.

Plaintiff's second of action is for motor vehicle negligence, also based on the March 23, 2015 accident. *Id.* ¶¶ 76-87. Likewise, Plaintiff's third cause of action for Negligent/Intentional Infliction of Emotional Distress is based on Defendants' alleged denial of proper treatment following the same automobile accident, and subsequent retaliation. *Id.* ¶¶ 88-95. Because both the second and third claim are based on many, if not all of the same factual allegations as Plaintiff's federal claim, the Court has supplemental jurisdiction over them and therefore the mandatory severance provision cited by Plaintiff does not apply. *See Nelson*, 492 F.Supp.2d at 287; *see also* 28 U.S.C. Section 1441(c)(1).

The precise factual underpinnings of Plaintiff's fourth cause of action for invasion of privacy are unclear. Plaintiff appears to base this claim on allegations that Defendants' agents took inappropriate photographs of Plaintiff while she was in a state of undress at some point during her custody. *Id.* ¶¶ 98-99. Plaintiff does not allege when during her incarceration this occurred or if it was related to medical treatment or the injuries she first sustained in the March 23, 2015 accident. However, in pleading her fourth claim, Plaintiff incorporates all of her previous factual allegations by reference. *Id.* ¶ 96. Thus it appears, that at least in Plaintiff's

view, that facts she alleges in support of her other three causes of action also support her fourth claim. Further, even if the alleged invasion of privacy was not directly related to Plaintiff's injuries and subsequent treatment, all four of her claims will undoubtedly involve common witnesses, common evidence of Plaintiff's conditions of confinement, and common evidence of Defendants' policies. Further, the alleged invasion of privacy took place under the same threat of retaliation Plaintiff contends entitles her to the various tolling doctrines she has pled in support of her state law claims. *See id.* ¶¶ 47-55. For these reasons, Plaintiff's fourth cause of action, like her two other state law claims, arises out of the same common nucleus of fact as her federal claim, or would be expected to be brought in a similar action as her federal claim. As a result, the Court has supplemental jurisdiction over all of Plaintiff's state claims.

Plaintiff's arguments to the contrary are unavailing. First, Plaintiff argues that her state claims are "distinguishable from the claim and fact pattern at-issue in the First Cause of Action." Mot. at 4:14-18. While some factual and legal distinctions are inevitable between different legal claims, the law does not require an identical set of factual allegations, only a common nucleus of operative fact. *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991). For the reasons stated above, all three state claims arise out of many, if not all of the same factual circumstances as Plaintiff's federal claim.

Plaintiff also attempts to argue that because her state law claims do not implicate the same primary right as her federal claim, supplemental jurisdiction is not proper. Mot. 5:16-22. Plaintiff cites a pair of 80-year-old Supreme Court decisions, neither of which state such a rule. Indeed, district courts in the Ninth Circuit routinely exercise supplemental jurisdiction over state tort claims brought alongside Section 1983 actions even where the state claims are not constitutional in nature. *See, e.g.*, *Alston v. Cnty. Of Sacramento Sheriff's Dep't*, No. 2:13-CV-1488 DAD, 2015 WL 6689636, *4. (E.D. Cal. October 29, 2015) (exercising supplemental jurisdiction over state negligence claim brought alongside Section 1983 claim); *Bondurant v. City of Battleground*, No. 3:15-CV-05719-KLS, 2016 WL 6973267, *7 (W.D. Wash. November 28, 2016) (exercising supplemental jurisdiction over state tort claims for false imprisonment, false arrest and assault brought alongside Section 1983 claims); *Lefebvre v. County of L.A.*, No. CV-08-3761-AHM, 2009 WL 592862, *19-20 (C.D. Cal. March 6, 2009) (recognizing but declining to exercise supplemental jurisdiction over state law claims including negligence, wrongful imprisonment, and IIED brought alongside a Section 1983 claim for unlawful arrest);

*Palazzo v. Bonaventura*, No. 2:12-CV-00562-MMD-VCF, 2012 WL 2132279, *2 (D. Nev. June 12, 2012 (exercising supplemental jurisdiction over state contract claims brought alongside 1983 claims).

### ii. Consideration of Judicial Economy

The Plaintiff also reminds the Court that the exercise of supplemental jurisdiction is discretionary. MTR at 6:6-17. Plaintiff argues that the Court should exercise this discretion to decline supplemental jurisdiction because factual and legal distinctions between the causes of action will involve separate evidentiary burdens and separate expert witnesses. *Id.* Even if Plaintiff is correct that her claims require proof of different factual elements, the Court would still find that the principle of judicial economy would be best served by keeping all of Plaintiff's claims in front of a single court given that all derive from the same set of facts and are likely to involve many of the same fact witnesses and documents. *See Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995) ("The decision to retain jurisdiction over state law claims is within the district court's discretion, weighing factors such as economy, convenience, fairness, and comity."). Plaintiff also argues novel state law issues are "anticipated." *Id.* However, the Court does not believe Plaintiff's "anticipated" issues are likely to predominate over Plaintiff's federal claim to such a degree that supplemental jurisdiction would be inappropriate. *See Schmidt v. County of Nev.*, No. 2:10-CV-03022-FCD, 2011 WL 445836 (E.D. Cal. February 8, 2011) ("When a plaintiff alleges a violation of constitutional rights under 42 U.S.C. § 1983, it is highly unlikely that state law tort claims will substantially predominate.").

In sum, the Court would find that this case was properly remanded and that the Court is not required to sever and remand Plaintiff's state law claims, nor would it exercise its discretion to do so at this time.

## IV. <u>Conclusion</u>

The Court would DENY Plaintiff's Motion to Remand without prejudice. The Court would continue Defendants' Motion to Dismiss until July 6, 2017 to allow both sides to brief the motion in accordance with the applicable local rules.

Plaintiff moved ex parte on June 8, 2017 for an order granting her procedural objection to Defendants' Motion to Dismiss or an order continuing the June 12 hearing on Defendants' motion. *See* Docket No. 26. In light of the above ruling said application is moot.